**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| WAYNE ERNEST BARKER, § | |
| (TDCJ-CID #900987) § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-13-0548 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

**ORDER**

The petitioner, Wayne Ernest Barker, sought habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary conviction at the Estelle Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. On March 19, 2013, this court dismissed Barker's petition on the ground that he had no protected liberty interest in the loss of his accrued good time because he was ineligible for release to mandatory supervision. (Docket Entry No. 5). Barker has moved for reconsideration. (Docket Entries Nos. 8, 10, & 11).

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.,* 123 F.3d 336, 339 (5th Cir. 1997). Reconsideration motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs,* 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order. *Steadfast Ins. Co. v. SMX*

*98, Inc.,* Civ. A. No. H-06-2736, 2009 WL 3190452 (S.D. Tex. Sept. 28, 2009). Because Barker moved for reconsideration within 28 days, Rule 59(e) applies.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990)). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet,* 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993).

In his motion for reconsideration, Barker restates the facts he provided earlier. He asserts that he was found guilty of a disciplinary violation and that the hearing was unfair. This court previously determined that his federal petition lacked merit as a matter of law. Barker has not clearly established a manifest error of law or fact. Nor has he presented newly discovered evidence. Instead, he reasserts arguments that this court previously analyzed and rejected by this court. To the limited extent he raises any new arguments, he could, and should, have raised them before the judgment issued.

Barker's motions to reconsider and alter judgment, (Docket Entries Nos. 8, 10, & 11), are denied. His motion for a return date, (Docket Entry No. 12), is also denied.

SIGNED on July 10, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge